UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID STANLEY VAUGHAN,

    Applicant,

v.                                           CASE NO. 8:18-cv-595-T-23CPT

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Vaughan applies under 28 U.S.C. § 2254 for the writ of habeas corpus. (Doc. 1) Vaughan paid the $5.00 filing fee. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." Vaughan's application shows that he is entitled to no relief.

In 1997 Vaughan pleaded guilty to two counts of armed robbery, three counts of robbery, and one count of burglary of an unoccupied structure. He was sentenced (1) to a minimum mandatory term of thirty years imprisonment as a Prison Releasee Reoffender ("PRR") for the two armed robbery convictions, (2) to a minimum mandatory term of fifteen years imprisonment for the three robbery convictions, and

(3) to a minimum mandatory term of five years imprisonment as a PRR for the burglary conviction. Vaughan filed no direct appeal. Under Section 2244(d)(1)(A), Vaughan had one year to apply under Section 2254 for the writ of habeas corpus. The limitation expired in 1998 with neither a tolling action in state court nor an application under Section 2254. Vaughan asserts entitlement to a new one-year limitation based on a new judgment.

In 2017 Vaughan moved under Rule 3.800(a), Florida Rules of Criminal Procedure, to vacate the PRR designation for his burglary sentence. Because the state agreed that the burglary of an unoccupied structure is not a "qualifying" offense under the PRR, the post-conviction court "direct[ed] the Clerk to strike the language indicating that Defendant is sentenced 'as a prison releasee reoffender' **as to [the burglary] count only**. Defendant's [other] sentences . . . shall remain the same." (Doc. 1-1 at 2) (emphasis original) Attached to the application is a copy of the original 1997 judgment with the notation "Re-record due to amend 1/7/18." (Doc. 1-1 at 3) Vaughan asserts entitlement to a new limitation because the 2018 correction is a new judgment under *Burton v. Stewart*, 549 U.S. 147, 154–57 (2007), and *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007), *cert. denied*, 555 U.S. 1149 (2009). Vaughn misreads the cases. In applying *Burton*, *Ferreira* holds that the limitation "runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final." *Ferreira*, 494 F.3d at 1288 (italics original).

Vaughan attributes greater importance to the post-conviction court's ruling than is warranted. Contrary to *Burton* and *Ferreira*, Vaughan is not now imprisoned under a new judgment. *Patterson v. Sec'y, Fla. Dep't of Corrs.*, 849 F.3d 1321, 1326–27 (2017), explains (italics original):

> The relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement. *Id.* at 332, 130 S. Ct. 2788. The state court did not issue a new judgment authorizing Patterson's confinement when it granted Patterson's motion to correct his sentence. And the 1998 judgment remains the only order that commands the Secretary to imprison Patterson.
>
> Rule 3.800(a) allows a court to correct an illegal sentence "at any time" if the "records demonstrate on their face an entitlement" to relief. This rule encompasses clerical errors, *Carson v. State*, 489 So.2d 1236, 1238 (Fla. Dist. Ct. App. 1986), which "generally relate back" to the date of initial judgment. *R. R. Ricou & Sons Co. v. Merwin*, 94 Fla. 86, 113 So. 745, 746 (1927). An order that relates back to an original sentence merely amends the original order and may not entitle the defendant to vacatur of the original judgment and entry of a new one. That Rule 3.800(a) encompasses clerical errors, which relate back, suggests that other modifications under Rule 3.800(a) may also relate back to the original sentencing and would not require a judge to vacate the original sentence and issue a new one. And we know, of course, that the judge in Patterson's case did not do so.

Vaughan was originally sentenced to a total of thirty years' imprisonment because all sentences were concurrent. The only benefit Vaughan received from the recent post-conviction proceeding was the removal of the PRR designation for the burglary conviction. Vaughan completed serving that five-year sentence in 2002, at the latest. Vaughan still serves the same thirty-year sentences imposed in 1997. The judgment that presently confines Vaughan retains the 1997 date of imposition. The

removal of the PRR designation for the already-served five-year sentence left Vaughan's present sentence and judgment unchanged, unaltered, and unamended. Vaughan is imprisoned under the same judgment that was imposed in 1997. *See Patterson*, 849 F.3d at 1226–27 ("[T]he Florida trial court never issued a new prison sentence to replace Patterson's 1998 sentence" or "issue[d] a new judgment authorizing [his] confinement."). Because the "state court did not issue a new judgment authorizing [Vaughan's] confinement when it granted [his] motion" to correct sentence, his 1997 "judgment remains the only order that commands the Secretary to imprison" him. *Patterson*, 849 F.3d at 1227. *Accord Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) ("[A] district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the 'finality' of a defendant's 'judgment of conviction' and does not alter the 'date on which the judgment of conviction becomes final' for the purposes of the statute of limitations.") (quoting *United States v. Sanders*, 247 F.3d 139, 142–144 & n. 2 (4th Cir. 2001)); *United States v. Ragin*, 460 F. App'x 282, 382–83 (11th Cir. 2012)[*] ("The district court's amended judgment sentencing Ragin to time served does not affect the finality of the court's initial judgment of conviction.").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Vaughan and **CLOSE** this case.

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

# DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Vaughan is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Vaughan must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Vaughan fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Vaughan is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Vaughan must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 28, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE